**UNITED STATE DISTRICT COURT FOR THE DISTRICT OF EASTERN PENNSYLVANIA**

THOMAS CAPPELLO                    :
                                   :   02CV2999
        v.                         :
LEHIGH CO. PAROLE DEPARTMENT       :
        And                        :
DOROTHY STUART                     :

**DEFENDANTS LEHIGH CO. PAROLE DEPARTMENT and DOROTHY STUART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.   FACTS**

Plaintiff filed a complaint against Lehigh County Parole Department and Dorothy Stuart, a Lehigh County parole officer.  See Plaintiff's Complaint attached hereto and incorporated herein as Exhibit "A."  On November 22, 1999 Thomas Capello pled guilty to driving while under the influence.  See Sentence sheet attached hereto and incorporated herein as Exhibit "B."  Plaintiff was sentenced for a period of not less than forty-eight (48) consecutive hours nor more than two (2) years less one (1) day.  On September 7, 2000 Judge Brenner filed a protection from abuse Order.  See Order attached hereto and incorporated herein as Exhibit "C."  In his complaint, Plaintiff alleges that the September 7, 2000 Order served as the grounds to revoke plaintiffs parole from his previous driving under the influence plea.  To the contrary, the October 12, 2000 Order indicates that Plaintiff was arrested for a second driving under the influence violation.  See Gagnon II Order attached hereto and incorporated herein as Exhibit "D."  Clearly, under the heading "surcharge" it states "one count m2° DUI."  Furthermore, the October 12, 2000 Order clearly indicates that then Defendant Thomas Cappello "conceded the allegations of the Petition."

Plaintiff avers in his complaint that "[d]ue to the malishious (sic) prosicution (sic) by Dorothy Stuart, plaintiff has suffered intentional infliction of emonitional (sic) stress, including loss of home, loss of job and wages, mental anguish and also family relations. See paragraph 10 of Exhibit "A." Plaintiff also states that the [f]inal judgement (sic) on Oct. 12, 2000, the date when plaintiffs parole was revoked the first time, appears (sic) not to be true. False charges were sustained against him by Dorothy Stuart." See paragraph 11 of Exhibit "A." Plaintiff states that his due process rights under the United States and Pennsylvania constitutions were violated when he was sentenced on October 12, 2000.

II.    ARGUMENT

    A.    **Standard of Review**

Fed. R.C.P. 12(b)(6) provides a method to seek the dismissal of a Complaint "for failure of a pleading to state a claim upon which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of a Complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). In determining whether to grant a motion to dismiss, the Court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Unger v. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991). In order to survive a 12(b)(6) motion, the plaintiff must provide enough evidence to support his claim, but does not have to demonstrate that he will ultimately prevail on the merits. Hishon v. King and Spalding, 467 U.S. 69 (1984). A claim should be dismissed under Rule 12(b)(6) if the plaintiff does not demonstrate any set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). In the case of a pro se plaintiff, the Court should construe the

Complaint liberally, and draw fair inferences from what is not alleged as well as from what is alleged.  Youse v. Carlucci, 857 F. Supp. 317 (E.D. Pa. 1994).

> **A. Defendant Lehigh County Parole Department and Dorothy Stuart are entitled to Judgment as a Matter of Law with Respect to Plaintiff's Complaint Alleging Section 1983 Violations since his underlying criminal conviction has not been terminated**

The facts in the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 are strikingly similar to the facts raised in the case currently before this Honorable Court.  In Heck, Plaintiff was convicted and sentenced to 15 years in prison.  He filed a civil suit *pro se* stating that various prosecutors and others used "unlawful, unreasonable and arbitrary investigation" ultimately leading to Plaintiff's arrest.  Plaintiff requested compensatory and punitive damages.  The United States Supreme Court upheld the dismissal of the lawsuit since plaintiff's underlying conviction had not been terminated, reversed, expunged, invalidated or impugned.   In essence, the Court found held that a person cannot collaterally attack outstanding criminal judgments through a § 1983 civil suit.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.  Heck v. Humphreys, 512 U.S. 477,  487, 114 S.Ct. 2364, 2372

In the case *sub judice*, clearly Thomas Capello's underlying criminal conviction has not been terminated in any way. Furthermore, Thomas Capello conceded the allegations of the petition leading to the revocation of his parole.

### B. Defendants Lehigh County and Dorothy Stuart Are Entitled to Judgment as a Matter of Law with Respect to Plaintiff's Complaint Alleging Section 1983 Violations as They Enjoy Qualified Immunity

The defense of qualified immunity shields governmental officials performing discretionary acts from civil liability as long as their conduct "does not violate a clearly established statutory or constitutional right of which a reasonable person would have known." Harlow v Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is applicable even if the parameters of plaintiff's federal rights were clearly established at the time of the acts complained of, as long as it was objectively reasonable for the defendants to believe that their acts did not violate those rights. Callahan v. Lancaster-Lebanon Intermediate Unit, 880 F. Supp. 319 (E.D. Pa. 1994). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 341 (1986).

In the present case, defendants Lehigh County Parole Department and Dorothy Stuart are entitled to qualified immunity, because there is, as a matter of law, insufficient causal connection between the plaintiff's alleged injuries and their alleged actions, or inaction. Plaintiff merely makes broad based allegations that Dorothy Stuart maliciously prosecuted Thomas Capello when Capello himself admitted to the allegations forming the basis of the Petition to revoke his parole.

### III. CONCLUSION

For the reasons discussed above, the plaintiff's Complaint should be dismissed with prejudice.

                                DEVLIN AND DEVINE

BY: _____
      Christine E. Munion, Esquire
      Attorney for defendants,
      Lehigh County Parole Department and
      Dorothy Stuart

      100 W. Elm Street, Suite 200
      Conshohocken, PA  19428
      (610) 397-4620

### UNITED STATE DISTRICT COURT FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| THOMAS CAPPELLO | : |
| | :    02CV2999 |
| v. | : |
| LEHIGH CO. PAROLE DEPARTMENT | : |
|    And | : |
| DOROTHY STUART | : |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on _____, defendants, Lehigh Co. Parole Department and Dorothy Stuart will file the attached Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) with the Clerk of the United States District Court for the Eastern District of Pennsylvania.

Pursuant to local Rules of Civil Procedure 7.1(c) and Rule 6(e) of the Federal Rules of Civil Procedure, you have fourteen (14) days from the date indicated above to file a Response or the Motion will be submitted to the Court as uncontested.

                                                               Respectfully submitted,

                                                               DEVLIN AND DEVINE

BY: _____
        Christine E. Munion, Esquire

        100 West Elm Street, Suite 200
        Conshohocken, PA  19428
        610-397-4620

UNITED STATE DISTRICT COURT FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| THOMAS CAPPELLO | : |
|  | :   02CV2999 |
| v. | : |
| LEHIGH CO. PAROLE DEPARTMENT | : |
| And | : |
| DOROTHY STUART | : |

**ORDER**

AND NOW, this     day of            , upon consideration of moving defendants, Lehigh County Parole Department and Dorothy Stuart's Motion to Dismiss for lack of subject matter jurisdiction and improper venue and any response thereto, it is hereby **ORDERED AND DECREED** that said **MOTION IS GRANTED** and plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
                          J.

## UNITED STATE DISTRICT COURT FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| THOMAS CAPPELLO | : |
| | : 02CV2999 |
| v. | : |
| LEHIGH CO. PAROLE DEPARTMENT | : |
| And | : |
| DOROTHY STUART | : |

### DEFENDANTS LEHIGH CO. PAROLE DEPARTMENT and DOROTHY STUART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Lehigh Co. Parole Department and Dorothy Stuart move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted and defendants rely on the attached brief in support of the Motion.

DEVLIN AND DEVINE

BY: _____
Christine E. Munion, Esquire
Attorney for Defendants,
Lehigh County Parole Department and
Dorothy Stuart

100 West Elm Street, Suite 200
Conshohocken, PA  19428
(610) 397-4620