**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THOMAS CAPPELLO            : CIVIL ACTION
                              :
      vs.                :
                              : NO. 02-CV-2999
LEHIGH COUNTY PAROLE DEPT.,  :
and DOROTHY STUART       : 

<u>**ORDER**</u>

AND NOW, this           day of December, 2002, upon consideration of Plaintiff's Motion to Appoint Counsel, it is hereby ORDERED that the Motion is DENIED.[1]

---

[1] Under <u>Tabron v. Grace</u>, 6 F.3d 147 (3rd Cir. 1993), in deciding whether to exercise discretion in favor of appointment of counsel under 28 U.S.C. §1915(e), the district courts should first consider whether the claim asserted has some merit in fact and law. <u>Id.</u>, at 155, citing, *inter alia,* <u>Maclin v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981). If so, additional factors such as the plaintiff's education, literacy, work experience, prior litigation experience and whether he is incarcerated (i.e., his ability to present his case) must be weighed and balanced against the complexity of the legal issues involved, the number and types of witnesses, whether the case is likely to turn on credibility determinations and the extent of discovery needed. 6 F.3d at 156.

In this case, despite his continued incarceration, Plaintiff has thus far proven himself to be quite competent in performing legal research and filing pleadings and motions. It therefore appears to this Court that he is capable of continuing to represent himself in this case. In so holding, however, we do not foreclose plaintiff from renewing his request for counsel should he be able to demonstrate to this Court that his lack of legal expertise is unduly prejudicing his ability to have his case adjudicated on its merits.

BY THE COURT:

_____
J. CURTIS JOYNER,        J.