## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS CAPPELLO                  : CIVIL ACTION
                                 :
      vs.                        :
                                 : NO. 02-CV-2999
LEHIGH COUNTY PAROLE DEPT.,      :
and DOROTHY STUART               :
```

### ORDER

AND NOW, this            day of January, 2003, upon consideration of Plaintiff's second Motion to Appoint Counsel, it is hereby ORDERED that the Motion is DENIED for the same reasons articulated in our Order of December 30, 2002.[1]

BY THE COURT:

_____
J. CURTIS JOYNER,         J.

---

[1] To reiterate, the decision as to whether or not to appoint counsel to represent an indigent civil litigant is one which rests within the discretion of the district court. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). In so deciding, the district court must consider as a threshold matter the merits of the plaintiff's claim; if the court determines that the plaintiff's claim has arguable merit in fact and law, it should then consider a number of additional factors that bear on the need for appointed counsel including the plaintiff's ability to present his or her case, the plaintiff's education, literacy, prior work experience and prior litigation experience. Tabron, 6 F.3d at 155-156.

Applying these factors here, we find that plaintiff's claim is of very questionable merit and that while his efforts to represent himself are undoubtedly hampered by his incarceration, he has nevertheless proven himself capable of researching the law and advancing coherent legal arguments. Given that this is all that is required, we thus again conclude that Plaintiff is able to represent himself in these proceedings.