IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
THOMAS CAPPELLO              : CIVIL ACTION
                             :
      vs.                    :
                             : NO. 02-CV-2999
LEHIGH COUNTY PAROLE DEPT.,  :
and DOROTHY STUART           :
```

**ORDER**

AND NOW, this            day of February, 2003, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R.Civ.P. 12(b)(6), and Plaintiff's Response thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiff's Complaint is DISMISSED.[1]

---

[1] The law is clear that in order to state a cause of action and recover damages "for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372, 2373, 129 L.Ed.2d 383 (1994). This is in large part because Section 1983 actions are closely analogous to common law claims for malicious prosecution. See, Heck, 114 S.Ct. at 2371.

In this case, it is obvious from the plaintiff's pleadings that while he has appealed his parole violation conviction to the Pennsylvania Superior Court, it has not been invalidated. Accordingly, we conclude that he has not pled a claim upon which relief may be granted and we must therefore dismiss his complaint, albeit without prejudice to his right to re-file it in the event that his conviction is overturned on appeal. See Also: Fed.R.Civ.P. 12(b)(6).

BY THE COURT:

_____
J. CURTIS JOYNER,        J.